tenced to concurrent prison terms of life and thirty years, respectively, in the Missouri Department of Corrections.

Judgment affirmed. Rule 30.25(b).

■

**STATE of Missouri, Respondent,**

v.

**William O. GUTHRIE, Appellant.**

**No. WD 59176.**

Missouri Court of Appeals,
Western District.

Feb. 19, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 2, 2002.

Application for Transfer Denied
May 28, 2002.

Andrew A. Schroeder, Asst. Public Defender, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Andrea Mazza Follett, Assistant Attorney General, Jefferson City, MO, Attorneys for Respondent.

Before EDWIN H. SMITH, P.J., and HOWARD and HOLLIGER, JJ.

### Order

PER CURIAM.

William O. Guthrie appeals the judgment of his jury convictions in the Circuit Court of Jackson County of second degree murder, § 565.021, and armed criminal action, § 571.015, for which he was sen-

■

**Dean M. WILLIS, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 59623.**

Missouri Court of Appeals,
Western District.

Feb. 26, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 2, 2002.

Application for Transfer Denied
May 28, 2002.

Susan L. Hogan, Appellate Defender, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joel A. Block, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

Before RONALD R. HOLLIGER, P.J., ROBERT G. ULRICH and LISA WHITE HARDWICK, JJ.

### ORDER

PER CURIAM.

Dean M. Willis appeals from the denial, without an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. Mr. Willis was charged by information

with first degree murder, section 565.020 RSMo 2000, and armed criminal action, section 571.015 RSMo 2000.

A jury found Mr. Willis guilty of both crimes, and he was sentenced to consecutive terms of life in prison without probation and life in prison, respectively. His convictions were affirmed on appeal. *State v. Willis,* 39 S.W.3d (Mo.App. W.D. 1999). Mr. Willis contends that trial counsel was ineffective because counsel failed to (1) file a motion to suppress Mr. Willis' statements to the police and the evidence discovered as a result of those statements and (2) take curative action after a juror slept during a portion of the trial.

The judgment of the motion court is affirmed. Rule 84.16(b)